IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOBO CITY MEX MSB, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMPARITO'S MARKET LLC, RAUL SARMIENTO PINTO, and AMPARO RUIZ VALENCIA,<br><br>　　　　　　Defendants. | 4:23-CV-3087<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the motion for a temporary restraining order filed by the plaintiff, Lobo City Mex MSB, LLC. Filing 2. The Court will deny the plaintiff's motion because it did not comply with the procedural requirements for a temporary restraining order and likely did not meet the substantive burden to prove its right to equitable relief.

　　　　The plaintiff alleges the defendants will imminently open a competing establishment using information stolen from the plaintiff. The plaintiff alleges violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq*. and the Nebraska Trade Secrets Act, Neb. Rev. Stat. §§ 87-501 *et seq*., tortious interference with contract and business expectancies, breach of a fiduciary duty, and civil conspiracy. Filing 1.

DISCUSSION

　　　　When deciding whether to issue a temporary restraining order or a preliminary injunction, the Court weighs the four *Dataphase* factors: (1) the probability that the movant will succeed on the merits, (2) the threat of irreparable harm to the movant, (3) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties, and (4)

the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). No single factor is dispositive, and the burden is on the movant to establish the propriety of the remedy. *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

But while a temporary restraining order and preliminary injunction are weighed by the same substantive standards, there are additional procedural requirements for a temporary restraining order. Specifically, the Court may issue a temporary restraining order—that is, an order without written or oral notice to the adverse party or its attorney—only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis supplied). The plaintiff made neither showing: while it argues that it will suffer harm if the Court doesn't act before May 15, 2023, it doesn't explain why the defendants couldn't be heard in opposition. *See* filing 2; filing 3. And the plaintiff explained that it is in the process of providing notice, but does not explain why notice should not be required. *See* filing 2 at 3.

The plaintiff's filings might permit an inference that notice should not be required because, *maybe*, the plaintiff only recently learned about the defendants' plans, and the store opening is imminent—but the plaintiff doesn't actually say that. As a result, the present record is silent as to why the

defendants' LLC was formed in August 2022, the defendants resigned from their employment with the plaintiff in January 2023, but this lawsuit is only being filed now. *See* filing 1 at 5-9. In other words, it's not clear whether the urgency of this situation, supposedly requiring *ex parte* relief, was truly outside the plaintiff's control. So, the plaintiff fails to meet its burden under Rule 65(b)(1)(B). The interests of justice will be better served by giving both sides the opportunity to be heard.

Additionally, the Court has reservations that the plaintiff can satisfy the *Dataphase* factors, particularly a likelihood of success on the merits and a threat of irreparable harm. Complicating this is an issue of jurisdiction. The federal jurisdictional hook in this case is the plaintiff's Defend Trade Secrets Act claim. The parties are not diverse, *see* filing 1 at 1, and all the other claims arise under state law. And the plaintiff seems to be missing a key element of its trade secrets claim—the existence of a trade secret.

The only alleged trade secret is a customer list which was prepared by one of the defendants. Filing 1 at 9. But the complaint makes clear the plaintiff alleges that the defendant created this list without authorization and in breach of her duty of loyalty. Filing 1 at 6-7. Really, the defendants are alleging the identities of their customers are the "trade secret," and the defendant misappropriated that information in making her own customer list. But this does not appear to meet the standard of a trade secret under either federal or Nebraska law. The plaintiff did not exert time and effort in compiling the list, so the list likely cannot be said to be the plaintiff's trade secret. *See* 18 U.S.C. § 1839(3); *Home Pride Foods, Inc. v. Johnson*, 634 N.W.2d 774, 781 (Neb. 2001).

The defendant's creation of the list *might* support claims of tortious interference and breach of loyalty, and even civil conspiracy, all pled by the plaintiff. But without the trade secrets claim, this Court may not have jurisdiction. *See Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996,

1003 (8th Cir. 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Finally, it is unclear what irreparable harm the plaintiff would incur. Harm is not irreparable when a party can be fully compensated for its injuries through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC,* 563 F.3d 312, 319 (8th Cir. 2009). And the Court does not see any alleged injury *to the plaintiff* that could not be resolved through monetary damages.[1]

Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for a temporary restraining order and preliminary injunction (filing 2) is denied in part *as to* the temporary restraining order.

2. The defendants may respond to the plaintiff's motion, as to a preliminary injunction, on or before May 30, 2023. *See* NECivR 7.1(b)(1)(B); Fed. R. Civ. P. 6(d).

---

[1] Relatedly, the Court also has questions about the scope of the injunctive relief sought by the plaintiff, which appears to sweep more broadly than its claims. The plaintiff wants the Court to prohibit the defendants from, among other things, soliciting or doing *any* business with *any* customers of the plaintiff with whom they had contact during their employment, and recruiting *any* employees of the plaintiff. The plaintiff is asking the Court, in other words, to draft and impose the non-compete agreement the plaintiff apparently wishes it had with the defendants. Even if the plaintiff was able to prove each and every one of its claims, it's not clear to the Court how that remedy would be tailored to the plaintiff's alleged injuries.

3. The Clerk of the Court shall mail copies of this order to the defendants at the addresses found in filing 6, filing 7, and filing 8.

Dated this 12th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge